McGUIRE (NICHOLSON v.). See Case No. 10,249.

McGUIRE (SNOWDEN v.). See Case No. 13,-150.

## Case No. 8,815a.

### McGUNNEGLE v. RUTHERFORD.

[Hempst. 45.] [1]

Superior Court, Territory of Arkansas. Oct., 1826.

TAXATION—MODE OF COLLECTING—NON-RESIDENTS —FEES IMPROPERLY RECEIVED—TAX COLLECTOR.

1. The act of 1825 concerning taxes, requiring the "inhabitants" of each township to attend at the place of holding elections, at such time as the sheriff shall designate. to pay their taxes to him, does not apply to non-residents of the state or the township. but only to taxable inhabitants of the township.

2. Penalties may be recovered for fees improperly received by a sheriff and collector.

[Action by G. K. and W. G. McGunnegle against Samuel M. Rutherford, sheriff of Pulaski county.]

Before JOHNSON, SCOTT, and TRIMBLE, JJ.

[1] [Reported by Samuel H. Hempstead, Esq.]

OPINION OF THE COURT. This is an action of debt brought by the plaintiffs, citizens and residents of the state of Missouri, against the defendant, as sheriff of Pulaski county, to recover the amount of certain penalties imposed by law for demanding and receiving certain fees alleged by the plaintiffs to have been illegally collected from them by the defendant.

The following are the facts, as they appear from the agreed case submitted to the court: The plaintiffs own the north-east quarter of section twelve in township six north, and range eight west, lying in Pulaski county. The defendant, as sheriff of that county, on the 1st day of July, 1826, gave thirty days notice by advertisement, as prescribed by the first section of an act of the general assembly of this territory, entitled "An act supplementary to the several laws regulating the collection of taxes," passed 26th October, 1825, that he would attend at the proper places to receive the taxes due from the "inhabitants." That the plaintiffs, as non-residents of this territory and citizens of Missouri, failed by themselves or agents to attend at the place and time designated in the defendant's advertisement, or to pay the taxes due on their tract of land. On the 1st day of September, 1826, the taxes not being paid, their tract of land was advertised in the Arkansas Gazette for sale, agreeable to the provision of the laws, to which the act passed the 26th of October, 1825 [Laws Ark. p. 27] is a supplement. After the above quarter section had been so advertised, the plaintiffs paid to the defendant the taxes, together with 18¾ cents costs for advertising, and 2½ per cent. commission on the amount of the taxes, it being half commission for receiving and paying out money; also one dollar, for levying execution on their tract of land. The plaintiffs, by way of penalty, claim six dollars for the two and a half per cent. commissions, and six dollars for the one dollar charged and paid for levying the tax list as an execution.

The principal question presented to the court is, whether the provisions of the act of 1825, before recited. are applicable to or embrace the case of a non-resident of the territory, or a non-resident of the county where the land lies. We are clearly of opinion that the law does not embrace either a non-resident of the territory, or of the county where the land lies, but has reference solely to the "inhabitants" of the county. The act provides that, for the purpose of collecting the taxes in the several counties of this territory, it shall be the duty of the several sheriffs to give notice, by advertisement in every township, that they will attend at the place where elections are held, on a named day, for the collection of taxes in such township. Whereupon it shall be the duty of such taxable inhabitants, or their agents, to attend and pay to the sheriff the taxes due from such inhabitants. The language here

used is too clear and explicit to leave room for construction. The duty of attending at the place appointed by the sheriff is imposed only on the taxable inhabitants of the township where the land lies, by the very words of the act; and it is not the province of the court to extend it beyond the plain and obvious meaning of the legislature. The second section of the act relates only to those who were required by the first section to attend and pay the taxes due, and in the event of a failure on the part of any of the taxable inhabitants of the township to attend at the place designated in the advertisement of the sheriff, and pay their taxes, the tax list becomes an execution in the hands of the sheriff, who may proceed to make distress on the property of such defaulters. And if he does make an actual levy of the tax list, he is entitled to the same fees as if he had levied an execution, except the allowance of mileage, to which he is not entitled. It follows, therefore, that the plaintiffs are not liable to pay the half commissions, nor the one dollar charged for levying the tax list as an execution; and there must be judgment for plaintiffs.